United States District Court
Southern District of Texas
**ENTERED**
March 10, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACINTO ARTEAGA, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 4:18-CV-3475 |
| | § | |
| NANCY BERRYHILL, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER
## ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

Plaintiff Jacinto Arteaga ("Plaintiff") filed this suit seeking review of the denial of disability and disability insurance benefits under Title II of the Social Security Act ("the Act"), as well as review of the denial of supplemental security income under Title XVI of the Act. ECF No. 1.[1] The Parties filed cross-motions for summary judgment. ECF Nos. 9, 10. Based on the briefing and the record, the Court GRANTS Plaintiff's motion and DENIES Defendant Nancy Berryhill's ("Commissioner") motion.

### I. BACKGROUND

Plaintiff is a 55-year-old man who worked as an auto mechanic. R. 71, 336. He has been unable to work since 2013.

---

[1] On October 9, 2019, the parties consented to have this Court conduct all proceedings pursuant to 28 U.S.C. § 636(c).

On October 27, 2015, Plaintiff filed applications under Title II and Title XVI, seeking benefits beginning on July 24, 2013[2] based on severe pain from a lumbar spine injury and left leg and neck pain. R. 304, 310, 329.[3] On January 12, 2016, the Commissioner denied his claims under both Title II and Title XVI. R. 105, 109. Plaintiff requested reconsideration on March 22, 2016, R. 114, and the Commissioner again denied his claims, R. 117, 120. On June 7, 2016, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). R. 125. ALJ William B. Howard conducted a hearing on August 3, 2017. R. 38-70. Cheryl Swisher, a vocational expert ("VE"), and Steven Goldstein, a medical expert ("ME"), testified at the hearing. R. 43-58, 64-69. Plaintiff also testified. R. 58-64. On October 2, 2017, the ALJ denied Plaintiff's application for benefits. R. 21-30.[4]

---

[2] Plaintiff originally applied for benefits with an alleged onset date of October 1, 2011. R. 325. However, Plaintiff amended his alleged onset date to July 24, 2013. R. 40.

[3] The relevant time period is July 24, 2013—Plaintiff's alleged onset date—through December 31, 2014—Plaintiff's last insured date. R. 22. The Court will consider medical evidence outside this period to the extent it demonstrates whether Plaintiff was under a disability during the relevant time frame. *See Williams v. Colvin*, 575 F. App'x 350, 354 (5th Cir. 2014); *Loza v. Apfel*, 219 F.3d 378, 396 (5th Cir. 2000).

[4] The ALJ determined Plaintiff was not disabled at Step Five. At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since October 1, 2011. R. 24. At Step Two, the ALJ found Plaintiff has the following medically determinable and severe impairments: disorders of the cervical spine, disorders of the back, shoulder injury, and bicep tendonosis, and that Plaintiff's mental impairments were not severe. R. 24. At Step Three, the ALJ found Plaintiff's impairments or combination of impairments do not rise to the level of severity of impairments in the listings associated with sensory, motor, or reflex loss (Listing 1.04) or inability to ambulate effectively (Listing 1.02). R. 25. The ALJ found Plaintiff has the Residual Functioning Capacity ("RFC") to perform light work, including the ability to lift or carry 10 pounds frequently and 20 pounds occasionally and stand, walk, and sit for 6 hours per day. R. 25-27. However, Plaintiff must never be required to reach with the non-dominant upper extremity, crawl, or climb ropes,

On November 28, 2017, Plaintiff requested the Appeals Council to review the ALJ's decision. R. 303. On July 20, 2018, the Appeals Council denied Plaintiff's request for review. R. 1-5; *see Sims v. Apfel*, 530 U.S. 103, 106 (2000) (explaining that when the Appeals Council denies the request for review, the ALJ's opinion becomes the final decision).

On September 25, 2018, Plaintiff filed this civil action. ECF No. 1. In this appeal, Plaintiff asserts that the ALJ erred in finding his depression is not severe.

II.     **STANDARD OF REVIEW**

The Social Security Act provides for district court review of any final decision of the Commissioner that was made after a hearing in which the claimant was a party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner …, with or without remanding the cause for a rehearing. The findings of the Commissioner … as to any facts, if supported by substantial evidence, shall be conclusive[.]

*Id*. Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied. *Id*.; *Boyd v. Apfel*, 239 F.3d 698, 704 (5th

---

ladders, or scaffolds. R. 25. At Step Four, the ALJ found that Plaintiff is not capable of performing past relevant work as an auto mechanic. R. 27-28. However, at Step Five, the ALJ found that there are other jobs that exist in significant numbers in the national economy that Plaintiff could perform, such as flagger, usher, laundry sorter, or waste machine tender, and therefore Plaintiff is not disabled as defined under the Social Security Act. R. 28-29.

3

Cir. 2001). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). It is "more than a scintilla but less than a preponderance." *Id*.

A reviewing court may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id*. (quotations omitted). The "substantial evidence" standard is not a rubber stamp for the Commissioner's decision and involves more than a search for evidence supporting the Commissioner's findings. *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985); *Singletary v. Brown*, 798 F.2d 818, 822-23 (5th Cir. 1986). Rather, a reviewing court must scrutinize the record as a whole, taking into account whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Id*. A court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014).

### III. ANALYSIS OF PLAINTIFF'S CHALLENGES TO THE ALJ'S DECISION

Plaintiff argues that the ALJ erred in finding his depression to be non-severe at Step Two of the evaluation process because he failed to abide by the standard set out in *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985), and failed to adequately

4

consider evidence of Plaintiff's mental impairment. ECF No. 9 at 1, 13-14.[5] Commissioner argues the objective medical evidence in the record supports the ALJ's finding and, in any event, there is no reversible error when the ALJ proceeds beyond Step Two. ECF No. 10 at 2, 7-8. The Court agrees with Plaintiff.

### A. The ALJ Applied The Incorrect Legal Standard In Finding Plaintiff's Mental Impairment Not Severe At Step Two.

At Step Two of the evaluation process, the ALJ must consider whether a claimant's impairments are severe. 20 C.F.R. § 404.1520(a)(4)(ii). While the Social Security Administration Regulations define a "severe impairment" as one that "significantly limits [a claimant's] physical or mental ability to do basic work activities," *id.* § 404.1520(c), the Fifth Circuit has determined that this definition is inconsistent with 42 U.S.C. § 423(d)'s definition of disability and the Act's legislative history. *Stone*, 752 F.2d at 1103-05. Under *Stone*, "[a]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Id.* at 1101 (quotations omitted); *accord Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018); *Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000); *Anthony v. Sullivan*,

---

[5] Plaintiff states that the ALJ also erred at Step Three in finding his depression non-severe. ECF No. 9 at 5. However, Plaintiff makes no argument pertaining to any Step Three listings and therefore waives the issue. *Boggs v. Krum Indep. Sch. Dist.*, 376 F. Supp. 3d 714, 722 (E.D. Tex. 2019) ("A party waives an issue if he fails to adequately brief it.") (quotations omitted).

954 F.2d 289, 293 (5th Cir. 1992). An ALJ is presumed to have applied the incorrect severity standard "unless the correct standard is set forth by reference to [*Stone*] or another [opinion] of the same effect, or by an express statement that the construction we give to 20 C.F.R. § 404.1520(c) (1984) is used." *Stone*, 752 F.2d at 1106. The presumption may be rebutted, however, by showing that the ALJ applied the correct legal standard or that the incorrect standard was harmless. *West-Lewis v. Berryhill*, No. 17-CV-345, 2018 WL 1055586, at *3 (N.D. Tex. Jan. 31, 2018), *report and recommendation adopted*, 2018 WL 1054537 (Feb. 23, 2018).

Here, the ALJ failed to cite *Stone* or another Fifth Circuit case to that effect, but cited to SSR 85-28 and what he purports to be the standard set forth therein:

> [The claimant's] medically determinable impairments [(disorders of the cervical spine, disorders of the back, shoulder injury, and bicep tendonosis)] *significantly limit* the ability to perform basic work activities as required by SSR 85-28.[6]
>
> The claimant's medically determinable mental impairment of affective disorder does not cause *more than minimal limitation* in the claimant's ability to perform basic mental work activities and is therefore nonsevere. Although he was treated for alcohol abuse and depression, he improved with medication, and presented as calm and cooperative.

R. 24 (emphasis added).[7]

---

[6] The ALJ applied the wrong legal standard to the impairments he found to be severe because the Fifth Circuit rejected the "significant limitation" standard in *Stone*. *See Loza*, 219 F.3d at 390-91.

[7] After performing a "paragraph B" mental functioning analysis, the ALJ concluded that Plaintiff's mental impairment is not severe because it causes "no more than a 'mild' limitation in any of the functional areas." R. 24-25.

6

The ALJ applied the wrong legal standard to Plaintiff's mental impairments, finding it did not cause "*more than minimal limitation* in the claimant's ability" to work. R. 24-25. *Stone* requires a non-severe impairment to have *no* effect on an individual's ability to work, not *minimal limitation*. *Guzman v. Berryhill*, No. 17-CV-312, 2019 WL 1432482, at *4 (W.D. Tex. Mar. 29, 2019) (emphasis added) (collecting cases); *see Norsworthy v. Berryhill*, No. 18-CV-507, 2019 WL 2931393, at *3-4 (S.D. Tex. June 13, 2019), *report and recommendation adopted*, 2019 WL 2913756 (July 8, 2019) ("*Stone* precludes even minimal interference with an individual's ability to work[.]"); *West-Lewis*, 2018 WL 1055586, at *4 ("The *Stone* severity standard does not allow for any interference with work ability—even minimal interference."); *Scroggins v. Astrue*, 598 F. Supp. 2d 800, 805 (N.D. Tex. 2009) ("*Stone* provides no allowance for a minimal interference on a claimant's ability to work.").[8]

The ALJ, therefore, erred at Step Two by applying the incorrect legal standard. *See, e,g.*, *Norsworthy*, 2019 WL 2931393, at *4 (finding ALJ erred in determining impairment was not severe because it did not cause more than minimal work-related limitations); *Guzman*, 2019 WL 1432482, at *6 (same); *West-Lewis*,

---

[8] *But see Saenz v. Berryhill*, No. 18-CV-156, 2019 WL 4061551, at *6-10 (S.D. Tex. July 15, 2019) (discussing the conflicting caselaw within the Fifth Circuit and finding the "minimal-interference" standard satisfies Stone), *report and recommendation adopted*, 2019 WL 4055001 (Aug. 28, 2019).

7

2018 WL 1055586, at *3-4 (same).

### B. The Court Cannot Determine Whether The ALJ's Error Was Harmless Because He Failed To Consider Plaintiff's Depression After Step Two.

Although the error described above constitutes a legal error, courts consistently apply a harmless error analysis when the ALJ proceeded past Step Two in the evaluation process. *Murphy v. Berryhill*, No. 17-CV-1260, 2018 WL 4568808, at *14 (N.D. Tex. Sept. 24, 2018) (collecting cases) ("*Stone* error does not mandate automatic reversal and remand[;] application of harmless error analysis is appropriate in cases where the ALJ proceeds past step two in the sequential evaluation process."); *see Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012) (applying harmless error analysis to *Stone* error and noting cases should not be remanded unless the plaintiff's substantial rights have been affected); *Guzman*, 2019 WL 1432482, at *6 (discussing extensive line of cases applying harmless error analysis to *Stone* errors); *Norsworthy*, 2019 WL 2931393, at *4 (applying harmless error analysis when incorrect severity standard was used). "An error is harmless if it does not affect the substantial rights of a party . . . or when it is inconceivable that the ALJ would have reached a different conclusion absent the error." *Cagle v. Colvin*, No. 12-CV-296, 2013 WL 2105473, at *6 (S.D. Tex. May 14, 2013) (quotations omitted) (citing *Taylor*, 706 F.3d at 603 and *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003)).

The Court here cannot determine whether the error was harmless. While the ALJ states he "considered all symptoms" in making his RFC finding, he makes no mention of Plaintiff's depression or mental impairment anywhere in his five-page analysis after Step Two. R. 25-30. He does not discuss Plaintiff's hospitalization for attempted suicide,[9] his diagnosis of Major Depressive Disorder,[10] or his ongoing treatment and prescription for anti-depressant medication.[11] Nor does the ALJ discuss Plaintiff's hearing testimony on how his mental impairment impacts his daily life, which in turn would likely impact his ability to work.[12] In contrast, the ALJ explains in detail Plaintiff's physical impairments and how they were factored into the RFC.[13] The ALJ's conclusory statement that he considered all of Plaintiff's symptoms is thus belied by the failure to address Plaintiff's mental impairment in his analysis.

The Court, therefore, cannot conclude the ALJ's use of the incorrect legal standard at Step Two was harmless. *See McCoy v. Soc. Sec. Admin.*, No. 11-CV-757, 2012 WL 4903353, at *3 (S.D. Miss. Sept. 27, 2012) (finding ALJ's legal error

---

[9] R. 505-517.

[10] R. 508.

[11] R. 514, 518-530, 522-523, 527-528, 549, 570, 577.

[12] R. 60-63.

[13] R. 26-27.

not to be harmless when he failed altogether to address plaintiff's non-severe mental impairment after Step Two), *report and recommendation adopted*, 2012 WL 4903335 (Oct. 16, 2012); *see also Norsworthy*, 2019 WL 2931393, at *5 (finding *Stone* error harmless when ALJ stated he considered all impairments in determining RFC *and* included an accommodation for plaintiff's non-severe impairment); *Guzman*, 2019 WL 1432482, at *7 (finding *Stone* error harmless when ALJ stated he considered all impairments *and* gave considerable attention to the medical evidence relating to plaintiff's non-severe mental impairments in assessing the RFC). The Court cannot reweigh the evidence or attempt to predict the ALJ's conclusion had he properly considered Plaintiff's mental impairment. *Brown*, 192 F.3d at 496. The case must be remanded.

## IV. CONCLUSION

Therefore, the Court GRANTS Plaintiff's motion for summary judgment, ECF No. 9, and DENIES Commissioner's motion for summary judgment, ECF No. 10. The case is remanded for the ALJ to reevaluate Plaintiff's mental impairment under the correct legal standard consistent with this opinion.

Signed at Houston, Texas, on March 10, 2020.

*Dena Palermo*
**Dena Hanovice Palermo**
**United States Magistrate Judge**